PER CURIAM.
Hanna sought to have a new roof installed on his home, and, to this end, contracted with Tomco Roofing Company (“Tomco”) for performance of the work. Problems ensued, and Hanna did not make full payment to Tomco. In response to contractor Tomco’s filing of an equitable action seeking foreclosure of a mechanic’s lien and damages on the theories of unjust enrichment and quantum meruit, defendant Hanna sought legal relief via a second amended counterclaim which alleged a breach of contract and negligent repair and re-roofing. Hanna demanded and secured a jury trial on his counterclaim, while, at the time, the court, in its equitable capacity, heard Tom-co’s action. The jury returned its verdict in favor of Hanna on his counterclaim and, after a series of convoluted motions (both oral and written) and orders, the trial court *959 granted a final judgment[1] in favor of contractor Tomco. Hanna appeals, and we reverse.
The jury returned its special interrogatory verdict in favor of Hanna on March 10,1987, finding that there was neither full nor substantial performance of the roofing contract by Tomco and that Tomco was not entitled to recover from Hanna. The jury also found that Tomco was negligent and that Hanna had suffered actual damages in the amount of $2,500. On April 3, 1987, Tomco moved ore tenus both for judgment notwithstanding the verdict, which motion the court orally denied on that date, and for a new trial. On April 17, 1987, the court issued its written order denying Tom-eo’s motion for judgment notwithstanding the verdict, and also issued its initial Final Judgment which declared that Tomco was not entitled to foreclosure of its mechanics lien, that it should receive nothing from Hanna, and that Hanna should recover $2,500 plus costs and fees. On April 23, 1987, Tomco filed its written Motion for New Trial alleging that the jury verdict was contrary to the manifest weight of the evidence. On July 1, 1987, the trial court signed the order which is the linchpin of this appeal. Denominated an Order on Motion for Rehearing of Mechanic’s Lien Foreclosure and Unjust Enrichment, this order addressed appellee Tomco’s April 23, 1987 motion for new trial. The trial court conceded that Tomco’s motion was untimely as to the jury verdict rendered on Hanna’s counterclaim, and denied that portion of the April 23 motion on that basis. Treating the remaining portion of the motion as a timely motion for rehearing of the trial court’s initial final judgment regarding Tomco’s equitable claims for foreclosure of mechanics lien and unjust enrichment (which motion was determined adversely as to Tomco), the trial court found that the jury verdict was, in this regard, contrary to the manifest weight of the evidence, and granted Tomco’s “motion for rehearing.”
As to the legal counterclaim, the court’s July 1, 1987, order reduced the jury’s verdict and findings of fact to mere words on paper — a docket entry only — without any legal force and effect. The trial judge acknowledged this when, at the July 13, 1987, hearing on Hanna’s motion to dismiss the mechanic’s lien action based on Tomco’s alleged failure to comply with the notice requirements of § 713.06(3)(d)1 Fla.Stat. (1987), he stated that he was “trying to fashion a remedy which [was] a complete washout” of the jury verdict. The trial court denied Hanna’s motion to dismiss on July 30, 1987. On Aug. 5, 1987, the court granted “summary” final judgment in favor of Tomco. This appeal followed.
The law is well-settled in Florida that our constitution guarantees the right to jury trial upon timely demand of actions traditionally cognizable at law. See Hightower v. Bigoney 156 So.2d 501 (Fla.1963). Here, issues of fact common to both the equitable claims and the legal counterclaims were presented to the jury for determination in the trial of appellant Hanna’s legal counterclaim, and “because of the constitutional superiority accorded the right to a jury trial, the equity court is bound, in ruling on the foreclosure complaint, by the determinations of a jury on substantially identical issues.” Sundale Associates, Ltd. v. Southeast Bank, N.A. 471 So.2d 100, 103 (Fla. 3d DCA 1985).
The jury returned its verdict in favor of appellant Hanna on March 10, 1987. Once the appellee allowed more than ten days to pass from the return of the jury’s verdict without filing an appropriate motion directed to the verdict, the parties and the court became bound by the jury’s findings for all future purposes absent any appropriate subsequent court order addressed to the trial which yielded the said findings. Fla.R.Civ.P. 1.530(b).
Accordingly, all of the orders and rulings entered by the court after April 17, 1987, which are at variance with the findings of the jury (as reflected on their March 10, *960 1987, verdict) are hereby reversed. The trial court is instructed to enter a Final Judgment in favor of Hanna, based upon the said jury verdict/ and to enter such other orders, as well as conducting such other proceedings, as may be consistent herewith.
REVERSED AND REMANDED.

. Appellee correctly calls to the court's attention the appellant’s incorrect denominating of the final judgment at issue here as a “summary” final judgment. Inasmuch as the subject final judgment was entered after trial, the judgment cannot be said to be summary in nature.